24-2650-cv
*Norwood v. U.S. Parole Comm'n*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-six.

PRESENT:
> EUNICE C. LEE,
> BETH ROBINSON,
> > *Circuit Judges,*
> ERIC R. KOMITEE,
> > *District Judge.*[*]

---

Michael Norwood,

> *Petitioner-Appellant,*

> v.                                                                     24-2650

United States Parole Commission,

> *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**                    Michael Norwood, pro se,
                                                                        Danbury, CT.

---

[*] Eric R. Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR RESPONDENT-APPELLEE:** John W. Larson, Elena Lalli Coronado, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings.

Michael Norwood, proceeding pro se, appeals from the district court's judgment denying his petition for a writ of mandamus and order denying his motion for reconsideration. In 2023, Norwood moved for mandamus relief, alleging that the United States Parole Commission had issued a detainer in violation of the notice provisions of 18 U.S.C. § 4214(b)(1). The Commission responded that it had properly afforded Norwood notice of the dispositional review and informed him of his rights, in compliance with section 4214(b)(1). The district court denied mandamus relief, concluding that section 4214(b)(1) did not require that the Commission send the requisite notice to Norwood by certified mail or otherwise attempt to contact him to confirm his waiver of his rights. The district court also denied Norwood's Federal Rule of Civil Procedure 59(e) motion. *Norwood v. U.S. Parole Comm'n*, No. 23-cv-411, 2024 WL 3912688 (D. Conn. Aug. 23, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As relevant here, section 4214(b)(1) provides that when a dispositional review of a detainer is pending, "[t]he parolee *shall receive* notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel . . . to assist him in the preparation of such application." 18 U.S.C. § 4214(b)(1) (emphasis added).[1] Based on the plain language of the statute, we hold that section 4214(b)(1) requires actual notice.

"When interpreting a statute, we begin with the text." *Lackey v. Stinnie*, 604 U.S. 192, 199 (2025). "If the statutory terms are unambiguous, we construe the statute according to the plain meaning of its words." *Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013). Here, section 4214(b)(1) states that parolees "shall receive notice" of pending dispositional reviews. "As the Supreme Court has often explained, the use of the word 'shall' makes the action mandatory." *Salazar v. King*, 822 F.3d 61, 77 (2d Cir. 2016); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (noting that the word "shall" allows no discretion). As a result, we must conclude that, by its plain language, section 4214(b)(1) requires that parolees *must* receive notice of their pending dispositional reviews. Thus, notice that was reasonably calculated to apprise Norwood of the pendency of the dispositional review—but in fact did not provide him with such notice—is insufficient under the statute. Instead, section 4214(b)(1) required the Parole Commission to provide Norwood with actual notice of the dispositional review when that review was pending.

---

[1] Notably, federal parole was abolished as of November 1, 1987. *See United States v. Reyes*, 283 F.3d 446, 456 n.2 (2d Cir. 2002). As a result, the statutes governing federal parole, including section 4214(b)(1), were repealed, but they remain in force with respect to individuals like Norwood, who were sentenced under the old regime. *See id.*; *see also United States v. Portillo*, 981 F.3d 181, 186 n.17 (2d Cir. 2020).

Because there is a factual dispute as to whether Norwood in fact received actual notice of the dispositional review before it concluded, we **VACATE** the district court's judgment and **REMAND** the matter so that the district court may determine whether the Parole Commission satisfied section 4214(b)(1)'s actual notice requirement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court